UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANGEL JESUS VALLE DIAZ (A No. 220 414 202),

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX ICE DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-5064 DJC CKD P

FINDINGS AND RECOMMENDATIONS

Petitioner, detained by the Immigration and Customs Enforcement Agency (ICE) at the Golden State Annex ICE Detention Facility in McFarland (ECF No. 1 at 1), proceeds with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging that detention.[1] For the reasons which follow, the court recommends that the petition be GRANTED.

I. Background

Petitioner is a native and citizen of Mexico. ECF No. 7 at 6. Petitioner was brought into the United States in 2001 when he was 1. ECF No. 1 at 6.

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

On April 9, 2026, petitioner was arrested in Hanford for having allegedly committed corporal injury on a spouse. ECF No. 7 at 11-12. Petitioner was detained by ICE on April 29, 2026, upon his release from the Kings County Jail. ECF No. 1 at 5; 7 at 10-11. It appears that petitioner had not encountered ICE or any other immigration official until that day.

On May 1, 2026, petitioner was charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) and ordered to appear for removal proceedings on June 8, 2026. ECF No. 7 at 6. The status of petitioner's removal proceedings is not clear.

Petitioner requested a bond hearing on May 14, 2026, and that request was denied. ECF No. 1 at 6.

II. Standard for Habeas Relief

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

III. Violation of 8 U.S.C. § 1226(a)

In Rodriguez Vazquez v. Bostock, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026) the Ninth Circuit found that the authority for ICE to detain persons such as petitioner who were already present in the United States without authorization generally arises under 8 U.S.C. § 1226(a). That statute requires that persons detained ultimately be released if they can show at a hearing before an immigration judge that they are not a danger to the community and do not present an unacceptable risk of flight. Petitioner being denied such a hearing, which he requested, violated federal law.

/////

Respondents' argument that petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(e)(ii) is meritless. Under that section, any person arrested for a crime that resulted in serious bodily injury to another person is subject to mandatory detention and not entitled to a bond hearing. Under § 1226(c)(2) the term "serious bodily injury" has the meaning given under California law.

California Penal Code § 243(f))(4) defines "serious bodily injury" as "a serious impairment of physical condition, including, but not limited to, the following: loss of consciousness; concussion; bone fracture; protracted loss or impairment of function of any bodily member or organ; a wound requiring extensive suturing; and serious disfigurement." Respondents do not point to any facts suggesting petitioner was arrested for inflicting serious bodily injury. Instead, respondents claim that because petitioner was arrested for inflicting corporal injury to a spouse, his conduct necessarily resulted in serious bodily injury. Under California Penal Code § 273.5(a) the injury required for conviction of inflicting corporal injury to a spouse must amount to a "traumatic condition" with "traumatic condition" defined as "a condition of the body, such as a wound, or external or internal injury, including, but not limited to, injury as a result of strangulation or suffocation, whether of a minor or serious nature, caused by a physical force." Cal Penal Code § 273.5(d). Under California law, the injury required for conviction of corporal injury upon a spouse is obviously less than "serious bodily injury." Therefore, petitioner is not subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(e)(ii).

IV. Remedy

The only question which remains here is what relief is appropriate. Since it is reasonable that, in light of petitioner's arrest and presumably pending criminal charges, petitioner could be found to be a danger to the community. Accordingly, the appropriate remedy is requiring the Executive Office of Immigration Review to provide the legally required bond hearing. See Feng v. Lyons, No 1:26-cv-0235 DJC SCR, 2026 WL 472635 (E.D. Cal. Feb. 19, 2026) (release is not the appropriate remedy for failure to provide the hearing required under 8 U.S.C. § 1226(a) if the record before the court indicates petitioner could be found to be a risk of flight or a danger to the community).

/////

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED.
2. The Executive Office of Immigration Review be ordered to commence the bond hearing required under 8 U.S.C. § 1226(a) with 14 days of any order adopting these findings and recommendations.
3. Petitioner be permitted to have counsel present at the hearing and adequate time for preparation.
4. Counsel for Respondents be ordered to inform the court of result of the hearing within five days of completion.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **SEVEN** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within **SEVEN** after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 20, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
diaz5064.imm.frs